FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 NOV -9  AM 9: 25

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MANUEL ROJAS AFANADOR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CV 305-105 |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA; et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a federal inmate incarcerated at McRae Correctional Facility in McRae, Georgia, filed the above-styled case pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). He is *pro se* and is currently proceeding *in forma pauperis*. On August 11, 2005, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees form within thirty (30) days, cautioning him that failure to respond could result in the dismissal of this case. (Doc. no. 4). Plaintiff failed to respond; however, because the test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985), on September 30, 2005, the Court gave Plaintiff a final opportunity to comply with the Court's August 11th Order. (Doc. no. 5).

In the Court's September 30th Order, Plaintiff was given an additional ten (10) days to file the completed forms, and was again warned that failure to comply with the Court's

orders would result in dismissal. This time period has long since expired, yet Plaintiff has still failed to provide a properly completed Prisoner Trust Fund Account Statement or a signed Consent to Collection of Fees.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Here, Plaintiff's failure to comply with the Court's orders clearly amounts to a failure to prosecute, and it is precisely the type of neglect contemplated by the Local Rule. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of November, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE